By the Court.
 

 The sole question before us is whether Section 1081-18, General Code, authorizes an original action or an appeal only on questions of law
 
 *344
 
 'The trial court held that the statute authorizes an appeal only on questions of law without the right of the plaintiff's below to a trial
 
 ele novo.
 

 ■
 
 The Court of Appeals held that Séction 1081-18 authorizes the bringing of an original action in the Court ■of Common Pleas.
 

 The question of misjoinder of parties plaintiff is not before us.
 

 We think that a careful reading of Section 1081-18, ■General Code, requires an affirmance of the judgment of the Court of Appeals. Otherwise, no effect would be given to those parts of the section italicized .in the quotation below, to wit:
 

 “Any applicant * * * dissatisfied with the decision of the board * * * in suspending * * * a certificate of registration
 
 may commence an action in the Court of Common Pleas
 
 against the state Board of Barber Examiners to set aside, vacate or modify any such decision on the ground that the same is unreasonable or unlawful,
 
 and said court is hereby vested with exclusive jurisdiction to hear and determine such action. The board shall be served with summons
 
 by leaving a copy of the same at its office in the city of Columbus,
 
 with answer day fixed
 
 as ten days after the service of summons. Upon the filing of an answer, or the expiration of return day,
 
 said action shall be deemed to be at issue
 
 and shall be advanced and assigned for trial by the court, upon the application of either party, at the earliest possible date.”
 

 We find no merit in the claim that a barber aggrieved by any ruling of the state Board of Barber Examiners is limited to an appeal under Section 12223-23, General Code. Even if the proceeding under Section 1081-18 were to be held an appeal instead of an original action, it would come within the exception of Section 12223-3, General Code.
 

 We, therefore, hold that Section 1081-18, General
 
 *345
 
 Code, authorizes the bringing of an original action wherein the trial court is required to hear and take into consideration any competent, material evidence-proffered by the parties on such hearing.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart- and Zimmerman, JJ., concur.